# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Robert T. Samuel, III, | Civil Action No. 2:19-cv-01787-RMG |
| Plaintiff, | **ORDER** |
| v. | |
| Federal Bureau of Investigation, | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 27) recommending the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I. Background**

Robert T. Samuel, III ("Plaintiff") is proceeding *pro se* and brings the instant action to assert a claim against the Federal Bureau of Investigations ("Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges he filed requests for certain records pursuant to FOIA but Defendant failed to comply with those requests. Plaintiff alleges he made FOIA requests seeking records to support two complaints filed with the Internet Cybercrime Complaint Center ("IC3"), relating to "purported hacking by unknown perpetrators." (Dkt. No. 1 ¶¶ 1, 3). The first IC3 complaint was filed on March 6, 2013 and the second was filed on February 5, 2015. Plaintiff alleges that by letter dated March 16, 2019, he requested access to records relating to submission reports, evaluation reports, analysis/investigative reports, and

administrative reports relating to the two IC3 complaints. (*Id.* ¶ 5); (Dkt. No. 1-1 at 1). Plaintiff alleges Defendant acknowledged receipt of his request and assigned two corresponding FOIA Request Numbers for his two IC3 complaints. The FOIA Request Numbers are 1431748-000 and 1431754-000. (*Id.* ¶ 6); (Dkt. No. 22-1 ¶ 6).

Plaintiff alleges that on May 25, 2019, Plaintiff requested mediation from the Office of Government Information Services regarding his FOIA requests. (*Id.* ¶ 7); (Dkt. No. 1-1 at 6). On June 11, 2019, Defendant requested Plaintiff complete a Department of Justice (DOJ) Form-361 in order for Defendant to process Plaintiff's FOIA Request Number 1431754. (Dkt. No. 22-1 ¶ 7). Plaintiff returned the completed and signed Form-361 on June 13, 2019. (*Id.* ¶ 8). Defendant released records concerning Plaintiff's FOIA Request Number. 1431748 on June 21, 2019 with certain information exempted pursuant to FOIA exemptions (b)(6) and (b)(7)(C). (*Id.* at ¶ 9). Plaintiff filed the instant action on June 24, 2019 alleging he still had not received the requested information. (Dkt. No. 1 ¶ 16). On July 9, 2019, Defendant released records concerning Plaintiff's FOIA Request Number 1431754 with no excisions of information. (Dkt. No. 22-1 ¶ 11).

On December 20, 2019, Defendant filed a motion for summary judgment. (Dkt. No. 22). Plaintiff filed a response in opposition. (Dkt. No. 25). On May 4, 2020, the Magistrate Judge issued an R & R recommending the Court grant Defendant's motion for summary judgment. (Dkt. No. 27). On May 21, 2020, Plaintiff filed objections to the R & R. (Dkt. No. 29).

II. **Legal Standard**

    A.    **Summary Judgment**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying

the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**B.     Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In

the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff has filed objections, and the R & R is reviewed *de novo*.

### III.     Discussion

Upon a careful review of the record, the Court finds the Magistrate Judge comprehensively addressed Plaintiff's FOIA claim and ably concluded it should be dismissed on summary judgment. The evidence indicates that on June 21, 2019, sometime after Defendant received Plaintiff's Form-361, Defendant released the records concerning Plaintiff's FOIA Request Number 1431748 to Plaintiff. (Dkt. No. 22-1 ¶ 9); (Dkt. No. 22-1 at 18). The records were released with certain information exempted pursuant to FOIA exemptions (b)(6) and (b)(7)(C). (Dkt. No. 22-1 at 18). Plaintiff was advised he could appeal Defendant's response within ninety days, or seek certain dispute resolution services, yet Plaintiff did not appeal Defendant's determination. (*Id.* ¶¶ 11–12). In lieu of filing an appeal, Plaintiff initiated the instant action. On July 9, 2019, Defendant released the records to Plaintiff concerning his FOIA Request Number 1431754 with no excisions of information. (*Id.* ¶ 11); (Dkt. No. 22-1 at 23). Defendant indicates Plaintiff was notified a second time of his right to appeal Defendant's response within ninety days or seek certain dispute resolution services. (*Id.* ¶ 12.) Plaintiff did not file an appeal.

In his opposition to Defendant's motion for summary judgment, Plaintiff attaches several documents that are not at issue in the instant lawsuit. For instance, Plaintiff attaches documents relating to his underlying IC3 complaints (Dkt. No. 25-1 at 1–35) and a different FOIA Request No. 1441474-000 that was submitted on July 1, 2019. (Dkt. No. 25-1 at 33). Plaintiff fails to

submit any evidence to dispute Defendant's evidence that it responded to Plaintiff's FOIA Request Numbers 1431748 and 1431754. As the record demonstrates Defendant complied with and responded to Plaintiff's FOIA requests making this case moot. *Miller v. United States Department of State*, 779 F.2d 1378, 1382 (8th Cir. 1985) (explaining Defendant in FOIA cases are entitled to summary judgment when the agency proves that it has fully discharged its obligations under FOIA).

### IV.  Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 27). Defendant's motion for summary judgment is **GRANTED** and Plaintiff's case is **DISMISSED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

June 10, 2020
Charleston, South Carolina